IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**03  12305 PBS**

BIOGEN IDEC MA INC.,                         C.A. No.

    Plaintiff,    MAGISTRATE JUDGE _____

vs.

BIOGENTECH CORPORATION,
    Defendant.

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

This is an action for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1121, and 1125(a).

### PARTIES

1. Plaintiff, Biogen Idec MA Inc. is a Massachusetts corporation having an address of 14 Cambridge Center, Cambridge, MA 02142 ("Biogen-Idec").

2. Defendant, Biogentech Corporation, is a Nevada corporation having an address of 2445 McCabe Way, Irvine, CA 92614 ("Biogentech").

### JURISDICTION AND VENUE

3. Biogentech is doing business in commerce under the BIOGENTEC and BIOGENTECH names and marks throughout the United States.

4. This Court has jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

6. Biogen Idec and its predecessors in interest and in title (hereinafter "Biogen Idec") is and has been engaged in research and development of pharmaceutical preparations for more than twenty years, and have built a successful business in connection therewith.

7. Biogen Idec has used "BIOGEN" as a mark in commerce in connection with its pharmaceutical preparations and its related services for more than twenty years. Material showing Biogen Idec's use of "BIOGEN" as a mark is attached as Exhibit A.

8. For more than twenty years, Biogen Idec's use of the BIOGEN mark in connection with pharmaceutical preparations and related services has been continuous, commercially significant and substantially exclusive.

9. Biogen Idec's "BIOGEN" mark is inherently distinctive as applied to its pharmaceutical preparations and related services.

10. By virtue of Biogen Idec's continuous use in commerce of its "BIOGEN" mark in connection with such pharmaceutical preparations and related services, such pharmaceutical preparations and related services have become well and favorably known to the relevant trade and public under such mark.

11. The "BIOGEN" mark is and has been famous since prior to any conduct of Biogentech complained of herein.

12. Biogen Idec is the owner of the following U.S. trademark registrations, inter alia, for the "BIOGEN" mark, which registrations are valid, subsisting and incontestable: 1,275,543; 1,314,274; 1,343,559; 1,961,898. A copy of the pertinent information about each of these registrations from The U.S. Trademark Office database is attached as Exhibit B.

2

13. Biogentech was incorporated as Aztec Ventures, Inc. in Nevada in 1997 to sell pay phone services. In 2000, Biogen Idectec, Inc. was incorporated, also in Nevada. Biogentech acquired in 2000 Allergy Limited LLC. In 2001, Aztec Ventures, Inc. changed its name to Toys for Tykes, Inc. On January 6, 2003, BioGentec, Inc. filed application serial no. 78/200431 in the U.S. Trademark Office to register BIOGENTEC for a line of pharmaceutical products, inter alia. See Exhibit C. Application serial no. 78/200431 claims use of the mark since November 22, 2000. In 2003 Biogentech merged with BioGentec, Incorporated. The merged company changed its name to Biogentech Corporation on or after March 31, 2003. On June 18, 2003, the examining Trademark Attorney reviewing application serial no. 78/200431 refused registration of the BIOGENTEC mark on the ground that such mark is likely to cause confusion with the previously registered "BIOGEN" trademark. See Exhibit C.

14. Biogentech claims to be "dedicated to the development and commercialization of medical products, focused primarily in the fields of immunomodulation, menopause, pinpoint detoxification and cholesterol reduction." See Exhibit D.

15. Biogentech is using BIOGENTEC and BIOGENTECH as names and marks and as the dominant components of names and marks in connection with its business and in connection with products. See Exhibit E.

16. Use of BIOGENTEC and BIOGENTECH on and in connection with medical products in the fields of immunomodulation, inter alia, and in connection with an associated business, is likely to cause confusion as to source, sponsorship or affiliation based on the prior use of the registered "BIOGEN" mark of Biogen Idec.

17. BIOGENTEC and BIOGENTECH are confusingly similar to "BIOGEN" in sound, appearance and commercial impression. Biogentech's names and marks incorporate the whole of the "BIOGEN" mark and simply append the descriptive term "TEC" or "TECH".

3

18. The business Biogentech conducts and the products intended to be sold by Biogentech under the BIOGENTECH and BIOGENTEC marks and names are closely related to the goods sold and services rendered by Biogen Idec under its registered "BIOGEN" mark, notably the development and commercialization of pharmaceutical preparations, including preparations in the field of immunomodulation. See Exhibit F.

19. Use of BIOGENTECH and BIOGENTEC by Biogentech is likely to cause confusion or mistake as to the source or sponsorship of its business, goods and services and as to its affiliation with Biogen Idec.

20. Use of BIOGENTECH and BIOGENTEC by Biogentech is accordingly in violation of Biogen Idec's rights in its registered "BIOGEN" mark pursuant to 15 U.S.C. 1114.

21. Biogen Idec has no adequate remedy at law. The acts and activities of Biogentech complained of herein deprive Biogen Idec of control over its reputation and goodwill, which constitutes irreparable injury.

22. Biogen Idec has given notice to Biogentech of its objection to the acts and activities complained of herein and Biogentech has refused to cease and desist from such conduct. See Exhibit G.

23. The continued acts and activities of Biogentech complained of herein accordingly constitute willful acts of infringement in derogation of Biogen Idec's rights in its federally registered trademark.

**COUNT II – FEDERAL UNFAIR COMPETITION - 15 U.S.C. § 1125(a)**

24. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

25. Biogen Idec has for more than twenty years used "Biogen" as a name and a mark in connection with its business.

26. The "Biogen" name and mark are inherently distinctive as used in connection with the business of Biogen Idec as described in Exhibit A hereto.

27. The "Biogen" name is well and favorably known in the biotechnology and pharmaceutical industries and to the relevant public as a result of the efforts of Biogen Idec for more than twenty years.

28. The Biogentech marks and names complained of herein are confusingly similar to the "Biogen" name and "BIOGEN" mark in sound, appearance and commercial impression. The Biogentech marks and names incorporate the whole of the "Biogen" name and "BIOGEN" mark and only append to it the descriptive suffix "tech" or "tec". This descriptive suffix, "tech" or "tec," is similar in sound to the terminal syllable in the Biogen Idec name. The addition of "tech" or "tec" accordingly does nothing to obviate the close similarity between the parties' marks and names.

29. The business, goods and services of Biogentech are closely related to the business, goods and services of Biogen Idec conducted, sold and rendered under the "Biogen" name and "BIOGEN" mark, most notably in connection with the development and commercialization of medical products, namely pharmaceutical preparations, and particularly those in the field of immunomodulation.

30. Use of BIOGENTEC and BIOGENTECH by Biogentech as names and marks and as the dominant element of names and marks in connection with medical products, pharmaceutical preparations and any related services and business is likely to cause confusion as to the source or sponsorship of Biogentech's goods and services and business and as to the affiliation of Biogentech with Biogen Idec.

31. Use of BIOGENTEC and BIOGENTECH by Biogentech is likely to deceive purchasers and potential purchasers and others in the relevant trade and public as to the

nature, characteristics or qualities of the business, goods and services of Biogentech, based on the confusing similarity of Biogentech's names and marks to the "Biogen" name and "BIOGEN" mark.

32. The acts and activities of Biogentech complained of herein constitute false and misleading designation of origin and false and misleading representations in violation of 15 U.S.C. § 1125(a).

33. Biogen Idec has no adequate remedy at law.

34. The acts and activities of Biogentech complained of herein deprive Biogen Idec of control over its reputation and goodwill, which constitutes irreparable injury.

35. The acts and activities of Biogentech complained of herein were and are undertaken willfully, with knowledge of Biogen Idec's prior rights, and in bad faith.

Wherefore, Biogen Idec MA Inc. prays:

1. That Biogentech, its officers and agents, be permanently enjoined from all use of BIOGENTEC and/or BIOGENTECH and any other name or mark which contains or comprises "BIOGEN" as a mark or name or component of a mark or name on or in connection with any pharmaceutical business, preparation or service.

2. That Biogentech deliver up to the Court for destruction all print and all other promotional materials which refer to BIOGENTEC or BIOGENTECH as a name or mark or component of a name or mark.

3. That Biogentech be directed to cancel all domain names, corporate name and fictitious name registrations for any names which contain or comprise "BIOGEN" as an element, including BIOGENTEC and BIOGENTECH.

4. That Biogentech be directed to expressly abandon trademark application serial no. 78/200431.

5. That Biogentech be directed to account and pay over to Biogen Idec all profits derived by Biogentech under either or any of the BIOGENTEC or BIOGENTECH marks and names.

6. That Biogentech be directed to pay to Biogen Idec the costs of this action and its reasonable attorneys fees pursuant to 15 U.S.C. § 1117.

7. That Biogen Idec have such other and further relief as this Court may deem warranted.

                                        Respectfully submitted
                                        BIOGEN IDEC MA INC.,
                                        By its attorneys,

Peter M. Durney, Esq. BBO#: 139260
Patricia A. Hartnett, Esq., BBO #568206
Cornell & Gollub
75 Federal Street
Boston, MA  02110
Telephone:   (617) 482-8100
Facsimile:    (617) 482-3917

Of Counsel:

Roberta Jacobs-Meadway, Esq.
Richard E. Peirce, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: (215) 864-8201
Facsimile: (215) 864-9950

Dated: November 18, 2003